## THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LAURIE A. CLARK, | ) |
| | ) |
| JUAN MEJIA, | ) |
| | ) |
| KATHLEEN BEHNEY, | ) Case No. 25-552 |
| | ) |
| SUSAN E. JESSUP AND KEVIN P. BYRNE, | ) Judge David A. Tapp |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## AMENDED COMPLAINT

Pursuant to Rules of the Court of Federal Claims ("RCFC") 15(a)(2), and this Court's Order dated July 1, 2025, Plaintiffs state the following in support of their Amended Complaint:

## JURISDICTION

1.      This court has jurisdiction pursuant to 28 U.S.C. § 1491(a)(1) ("Tucker Act"), in that this action presents claims against the United States which is founded upon the Constitution and statutes of the United States.

## STATUTES AND CONSTITUTIONAL PROVISIONS

2.      Plaintiffs' claims are governed by the following statutes and constitutional provision:

(a)      The Fifth Amendment to the United States Constitution, which provides, "No person shall be . . . deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

(b)      National Trails System Act Amendments of 1983, 16 U.S.C. § 1247(d).

(c)      The Tucker Act, 28 U.S.C. § 1491(a) ("Tucker Act") which provides in relevant part, "The United States Court of Federal Claims shall have jurisdiction to render judgment on any claim against the United States founded upon the Constitution."

(d) The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) (2000), provides that just compensation includes, "reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of [the] proceeding."

### STATEMENT OF FACTS APPLICABLE TO ALL COUNTS

3.      Metro-North Commuter Railroad Company ("MNR") formerly owned an easement for railroad purposes between Milepost 0.0 and Milepost 71.2 Dutchess and Putnam Counties, New York (the "right-of-way").

4.      On December 21, 2023, MNR filed its request to abandon the right-of-way.

5.      On January 23, 2024, MNR requested the federal Surface Transportation Board ("STB") issue a Notice of Interim Trail Use or Abandonment ("NITU").

6.       On February 8, 2024, the STB issued a NITU for the right-of-way. See Notice of Interim Trail Use or Abandonment, STB Docket No. AB-1311 (Sub-No. 1X).

7.      The National Trails System Act Amendments of 1983, 16 U.S.C. § 1247(d) ("Trails Act"), provides, "in the case of interim use of any established railroad rights-of-way pursuant to donation, transfer, lease, sale, or otherwise in a manner consistent with this chapter, if such interim use is subject to restoration or reconstruction for railroad purposes, *such interim use shall not be treated, for purposes of any law or rule of law, as an abandonment of the use of such rights-of-way for railroad purposes.*"

8. The United States Supreme Court in *Preseault v. United States*, 494 U.S. 1 (1990) (*Preseault I*), held that Congress possessed the constitutional authority to enact the Trails Act and to take Plaintiffs' property for conversion to a public-access recreational trail and preservation of a railroad easement for a possible future railroad corridor.

9. However, the Supreme Court in *Preseault I*, and the Federal Circuit sitting *en banc* in *Preseault v. United States*, 100 F.3d 1525 (Fed. Cir. 1996) (*Preseault II*), held that the Fifth Amendment to the United States Constitution requires the United States to pay the property owners for the value of that property taken by operation of Section 8(d) of the Trails Act.

10. The Federal Circuit in *Caldwell v. United States*, 391 F.3d 1226 (Fed. Cir. 2004), and *Barclay v. United States*, 443 F.3d 1368 (2006), held that claims for compensation arise upon the date that the Surface Transportation Board issued the NITU.

11. Under New York law, the state of New York possessed only an easement for railroad purposes over Plaintiffs' land; and that easement has been long-abandoned for such purposes under New York state law.

12. But for the NITU, Plaintiffs would have had the exclusive right to physical ownership, possession, and use of its property free of the railroad easement upon abandonment of the use of that easement for railroad purposes.

13. Creating a public-access recreational trail across Plaintiffs' property and appropriating a new easement for possible future railroad use has taken from Plaintiffs the value of the land physically appropriated for this trail corridor and greatly diminished the value of the Plaintiffs' property adjoining this trail corridor.

14. Compensation for this taking is due from the federal government, not the State of New York, the New York Department of Transportation, nor the Metro-North Commuter Railroad

Company (MNR). *See Preseault, II*, 100 F.3d at 1531("Finally, we conclude that the taking that resulted from the establishment of the recreational trail is properly laid at the doorstep of the Federal Government").

## THE PARTIES

### A.    Plaintiffs

### *Laurie A. Clark*

15.    Laurie A. Clark owned land adjacent to the former railroad right-of-way on February 8, 2024.  The Clark property includes but is not limited to the land under the former railroad right-of-way that is now subject to an easement for public recreation and railbanking.

### *Juan Mejia*

16.    Juan Mejia owned land adjacent to the former railroad right-of-way on February 8, 2024.  The Mejia property includes but is not limited to the land under the former railroad right-of-way that is now subject to an easement for public recreation and railbanking.

### *Kathleen Behney*

17.    Kathleen Behney owned land adjacent to the former railroad right-of-way on February 8, 2024.  The Behney property includes but is not limited to the land under the former railroad right-of-way that is now subject to an easement for public recreation and railbanking.

### *Susan E. Jessup and Kevin P. Byrne*

18.    Susan E. Jessup and Kevin P. Byrne owned land adjacent to the former railroad right-of-way on February 8, 2024.  The Jessup/Byrne property includes but is not limited to the land under the former railroad right-of-way that is now subject to an easement for public recreation and railbanking.

**B.      Defendant**

19.      The United States of America is the defendant.  The federal government took these New York owners' land for a public recreational trail and railbanking by an order of the federal Surface Transportation Board invoking section 8(d) of the federal Trails Act.

**SPECIFIC CLAIM FOR RELIEF**
**COUNT ONE**

**A Claim For "Just Compensation" For**
**The Physical Taking of Plaintiffs' Property Subject to the NITU**

20.      Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 – 19 of their Complaint.

21.      The actions of the United States have resulted in a taking of Plaintiffs' property without just compensation in violation of the Fifth Amendment to the United States Constitution.

**COUNT II**

**A Claim for Reimbursement of Attorneys' Fees and Litigation Expenses**
**Pursuant to the Uniform Relocation Act**

22.      Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 - 21 of their Complaint.

23.      The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. 4654(c) (URA) (Pub. L. 91-646; 84 Stat. 1894), requires the federal government to reimburse this owner the "reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of [the] proceeding."

24.      Plaintiffs have incurred, or will incur, those costs and expenses which the URA requires the federal government to reimburse.

**SPECIFIC RELIEF REQUESTED**

Plaintiffs respectfully request a judgment in their favor as follows:

25.    Awarding Plaintiffs the full fair-market value of the property taken by the government on the date it was taken (including any "severance damages" suffered by Plaintiffs in loss of value to Plaintiffs' remaining property not actually physically taken but affected by the taking);

26.    Compensation for the delay between the date of the government's taking of Plaintiffs' property (which is the date of the original NITU according to the Federal Circuit's opinion in *Caldwell v. United States*, 319 F.3d 1226 (Fed. Cir. 2004)) and the actual date when the government finally pays "just compensation" to Plaintiffs;

27.    Paying Plaintiffs' costs and attorneys' fees incurred pursuant to The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §4654(c) (2000) which provides that just compensation includes, "reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of [the] proceeding."

28.    Such further relief as this Court may deem just and proper.

Date:  July 7, 2025                                  Respectfully submitted,

/s/ *Lindsay S.C. Brinton*
Lindsay S.C. Brinton
Meghan S. Largent
LEWIS RICE LLC
600 Washington Avenue
Suite 2500
St. Louis, Missouri  63101-1311
(314) 444-7723
(314) 612-7723(fax)
lbrinton@lewisrice.com
mlargent@lewisrice.com

***Attorneys for Plaintiff***

6