**THE UNITED STATES COURT OF FEDERAL CLAIMS**

LAURIE A. CLARK, *et al.*,              )
                                        )
                                        )        Case No. 25-552 L
        Plaintiffs,                     )
                                        )        Judge David A. Tapp
v.                                      )
                                        )
UNITED STATES OF AMERICA,               )
                                        )
        Defendant.                      )

**UNITED STATES' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Pursuant to Rules 7(a), 8(b), and 12 of the Rules of the United States Court of Federal Claims, the United States answers the allegations in the numbered paragraphs of Plaintiffs' First Amended Complaint, ECF No. 10, filed July 7, 2025 ("Complaint"), as follows:

**Jurisdiction**[1]

1.      Defendant admits that the Tucker Act, 28 U.S.C. § 1491(a)(1), confers jurisdiction on the United States Court of Federal Claims to hear claims based on the Just Compensation Clause of the Fifth Amendment to the United States Constitution. The remaining allegations in Paragraph 1 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations in Paragraph 1.

**Statutes and Constitutional Provisions**

2.      The allegations in Paragraph 2 and all subparts therein consist of Plaintiffs' characterization of their case and legal conclusions, which require no response. To the extent that a response is required, the United States admits that the Tucker Act, 28 U.S.C. § 1491(a)(1), confers jurisdiction on the United States Court of Federal Claims to hear claims based on the Just

---

[1] The United States includes the headings from the Complaint to help guide the reader.  The United States makes no admission about the veracity of the headings.

Compensation Clause of the Fifth Amendment to the United States Constitution, and that Plaintiffs allege a claim under the Fifth Amendment to the United States Constitution and the referenced statutes in Paragraph 2. However, the United States denies that Plaintiffs are entitled to any relief under the Fifth Amendment or the referenced statutes.

**Statement Of Facts Applicable To All Counts**

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 3 and on that basis denies those allegations. The remaining allegations in Paragraph 3 are legal conclusions, to which no response is required, and for that reason such allegations are denied.

4. The United States admits that STB Docket No. AB-1311 (Sub No. 1X) contains a document, filed on December 21, 2023 and titled "Notice of Exemption for Abandonment" (filing ID 307697). To the extent the allegations in Paragraph 4 purport to characterize this Notice, the Notice itself is the best evidence of its content, and the United States denies any allegations inconsistent therewith.

5. The United States admits that the above docket contains a document, filed January 23, 2024 and titled "Petition for Notice of Interim Trail Use" (filing ID 307827). To the extent the allegations in Paragraph 5 purport to characterize this Petition, the Petition is the best evidence of its content, and the United States denies any allegations inconsistent therewith.

6. The United States admits that the above docket contains a document, filed February 8, 2024 and titled "Notice of Interim Trail Use or Abandonment" (filing ID 52047). To the extent the allegations in Paragraph 6 purport to characterize this Notice, the Notice is the best evidence of its content, and the United States denies any allegations inconsistent therewith.

2

7.      The allegations in Paragraph 7 purport to describe and characterize the National Trails System Act Amendments of 1983, which speaks for itself and is the best evidence of its content. The United States denies any allegations inconsistent with the Act's plain language, meaning, or context.

8.      The allegations in Paragraph 8 purport to describe and characterize the judicial opinion in *Preseault v. United States*, 494 U.S. 1 (1990), which speaks for itself and is the best evidence of its contents. The United States denies any allegations inconsistent with the judicial opinion's plain language, meaning, or context. The allegations in this Paragraph also contain legal conclusions, which warrant no response. To the extent a response is required, the United States denies the allegations.

9.      The allegations in Paragraph 9 purports to describe and characterize both the judicial opinions in *Preseault v. United States*, 494 U.S. 1 (1990), and *Preseault v. United States*, 100 F.3d 1525 (Fed. Cir. 1996), and these opinions speak for themselves and are the best evidence of their contents. The United States denies any allegations inconsistent with the judicial opinions' plain language, meaning, or context. The allegations in this Paragraph also contain legal conclusions, which warrant no response. To the extent a response is required, the United States denies the allegations.

10.      The allegations in Paragraph 10 purport to describe and characterize the judicial opinions in both *Caldwell v. United States*, 391 F.3d 1226 (Fed. Cir. 2004), and *Barclay v. United States*, 443 F.3d 1368 (Fed. Cir. 2006), which speak for themselves and are the best evidence of their contents. The United States denies any allegations inconsistent with the judicial opinions' plain language, meaning, or context. The allegations in this Paragraph also contain legal

conclusions, which warrant no response. To the extent a response is required, the United States denies the allegations.

11.     The allegations in Paragraph 11 consists of Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, the United States denies the allegations.

12.     The allegations in Paragraph 12 consists of Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, the United States denies the allegations.

13.     The allegations in Paragraph 13 consists of Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, the United States denies the allegations.

14.     The allegations in Paragraph 14 are legal conclusions that require no response. To the extent a response is required, the United States denies the allegations. The allegations in Paragraph 14 further purport to describe and characterize the judicial opinion in *Preseault v. United States*, 100 F.3d 1525 (Fed. Cir. 1996), which speaks for itself and is the best evidence of its contents. The United States denies any allegations inconsistent with the judicial opinion's plain language, meaning, or context.

## The Parties

**Plaintiffs**

15.     The United States lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 15, and on that basis, denies the same.

16.     The United States lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 16, and on that basis, denies the same.

17.     The United States lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17, and on that basis, denies the same.

18.     The United States lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18, and on that basis, denies the same.

**Defendant**

19.     In response to the allegations in the first sentence of Paragraph 19, the United States admits that it has been sued by Plaintiffs in this case and is the defendant. The allegations in the second sentence of Paragraph 19 are legal conclusions that require no response. To the extent a response is required, the United States denies the allegations.

<u>**Specific Claim For Relief: Count One**</u>

**A Claim For "Just Compensation" For The Physical Taking Of Plaintiffs' Property Subject To The NITU**

20.     In response to the allegations in Paragraph 20, the United States restates and incorporates by reference its responses to all preceding paragraphs.

21.     The allegations in Paragraph 21 are characterizations of Plaintiffs' case and legal conclusions.  Such allegations require no response.  However, to the extent a response is required, the United States denies the allegations. The United States also specifically denies that any taking has occurred.

<u>**Count II**</u>

**A Claim For Reimbursement Of Attorneys' Fees And Litigation Expenses Pursuant To The Uniform Relocation Act**

22.     In response to the allegations in Paragraph 22, the United States restates and incorporates by reference its responses to all preceding paragraphs.

23.     The allegations in Paragraph 23 purport to describe and characterize the Uniform Relocation Assistance and Real Property Acquisition Policies Act, which speaks for itself and is

5

the best evidence of its contents. The United States denies any allegations inconsistent with the Act's plain language, meaning, or context.

24. The United States lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24, and on that basis, denies the same.

## Specific Relief Requested

25. The allegations in Paragraph 25 consist of Plaintiffs' request for relief, which requires no response. To the extent that a response is required, the United States denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

26. The allegations in Paragraph 26 consist of Plaintiffs' request for relief, which requires no response. To the extent that Plaintiffs purport to describe or characterize the judicial opinion in *Caldwell v. United States*, 391 F.3d 1226 (Fed. Cir. 2004), that opinion speaks for itself and is the best evidence of its contents. To the extent that a response is required, the United States denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

27. The allegations in Paragraph 27 consist of Plaintiffs' request for relief, which requires no response. The allegations also describe and characterize the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §4654(c) (2000), which speaks for itself and is the best evidence of its contents. To the extent that a response is required, the United States denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

28. The allegations in Paragraph 28 consist of Plaintiffs' request for relief, which requires no response. To the extent that a response is required, the United States denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

**GENERAL DENIAL**

All allegations of the Complaint that are not specifically admitted, denied, or qualified are hereby expressly denied.

**PRAYER**

WHEREFORE, the United States denies that Plaintiffs are entitled to the relief requested, or any relief whatsoever, and requests that this action be dismissed with prejudice, that judgment be entered for the United States, and that the United States be granted such further relief as the Court may allow.

Respectfully submitted this July 21, 2025,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division

*/s/ Matthew P. Rand*
Matthew P. Rand
Senior Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section

P.O. Box 7611
Washington, D.C. 20044-7611
Tel: 202-305-0874
E-mail: Matthew.Rand@usdoj.gov

*Counsel for the United States*

7